# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVINE OLIVER,** )<br>)<br>   **Plaintiff,** )<br>)<br>vs. )<br>)<br>**RONALD G MCGILL, Lt.,** )<br>)<br>   **Defendant.** ) | **CIVIL CASE NO.   03-166-JPG** |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion for summary judgment (Doc. No. 17). Plaintiff filed this action pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at Shawnee Correctional Center. Specifically, he alleges that defendant McGill initiated disciplinary proceedings and assigned him to segregation status in retaliation for speech protected by the First Amendment. Plaintiff seeks damages in the sum of $150,000.

McGill denies that he violated plaintiff's First Amendment rights and argues that plaintiff's injuries are not compensable pursuant to statutory restrictions on recovery. The motion is opposed (Doc. Nos. 21, 22).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The facts, viewed in plaintiff's favor, may be summarized as follows. During plaintiff's confinement at Shawnee Correctional Center, he spoke to a correctional officer and reported the theft of a pair of state-issued boots. Plaintiff suspected that the inmates assigned to cell number 1-B-50 stole the boots. Plaintiff was placed in segregation on investigation status, along with inmates Michael Lewis and Antonio Hunter.

Plaintiff was interviewed by defendant McGill on November 27, 2002. During the interview, plaintiff told McGill that he had reported his boots stolen. He explained that he had two pairs of state-issued boots, that other inmates had offered to buy one pair of his boots, and that he refused the offer. During the interview, McGill mentioned two lawsuits that plaintiff had filed. McGill prepared a report stating that plaintiff admitted selling a pair of boots to another inmate and that plaintiff said he expected to receive commissary items as payment. Correctional officers performed a search and located the missing boots in cell number 1-B-50. At some point, inmate Michael Lewis was interviewed. McGill interpreted Lewis' statements as an admission that he agreed to purchase plaintiff's boots.

On December 5, 2002, McGill prepared a disciplinary report accusing plaintiff of violating prison rules regarding contraband and trading. At the time, McGill thought inmates at Shawnee Correctional Center were only permitted to have one pair of state-issued boots in their possession. When correctional officers discover that an inmate has extra items, the usual response is confiscation, rather than discipline.

On December 10, 2002, plaintiff appeared before members of an adjustment committee and denied guilt of disciplinary violations. He explained that he discussed a sale without agreeing to sell boots to another inmate. The committee found plaintiff guilty of the charges of contraband,

unauthorized property and trading or trafficking. The committee relied on plaintiff's statements and McGill's report. Plaintiff was confined in the segregation unit for 20 days and was demoted to "C" grade status for 30 days. Defendant McGill was not involved in the disciplinary proceedings.

## I. Retaliatory Motive

Defendant argues that plaintiff cannot sustain his burden to prove retaliatory motive, pointing to facts supporting the adjustment committee's decision to impose sanctions for disciplinary rule violations. Plaintiff argues that retaliatory motive is demonstrated through evidence that he did not violate prison rules and that McGill attributed false statements to plaintiff in his report.

A claim of retaliation succeeds upon proof that constitutionally protected conduct was a factor motivating the defendant's offensive behavior. *McDonald v. Hall*, 610 F.2d 16, 18-19 (1st Cir. 1979). Although evidence of a retaliatory motive is not strong, the facts might reasonably support an inference that plaintiff's litigation motivated McGill's decision to initiate disciplinary charges. Summary judgment is not warranted on this basis.

## II. Eleventh Amendment

Defendant also challenges plaintiff's effort to assert an official capacity claim for damages, arguing that an official capacity claim against a state employee is barred by the Eleventh Amendment. Plaintiff argues that such recovery is permitted by the First and Eight Amendments.

By including an official capacity claim against McGill, plaintiff makes the State of Illinois an interested party. Because states are not subject to a damages action under § 1983, this results in a statutory deficiency. Plaintiff's official capacity claim for damages should be dismissed on this basis, mooting the Eleventh Amendment argument. *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000).

### III.    Compensatory Damages

Defendant argues that plaintiff may not recover compensatory damages, as he has not established a physical injury that might support an award based on mental or emotional injury. Plaintiff argues that he may recover damages for violations of his First and Eighth Amendment rights. He seeks $150,000 in monetary damages.

Absent a showing of physical injury, 42 U.S.C. § 1997e(e) bars a prisoner from recovering compensatory damages for mental and emotional injury, but it does not bar the lawsuit altogether. *Cassidy v. Ind. Dept. of Corrections*, 199 F.3d 374, 376-77 (7th Cir. 2000). The deprivation of a Constitutional right is a cognizable injury that will support an award of nominal and punitive damages. *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003).

The materials submitted do not establish that plaintiff suffered a physical injury. However, it is also not apparent that plaintiff's demand for "monetary damages" represents an effort to be compensated for mental and emotional injury. A pro se litigant's request for "monetary damages" can be interpreted as a request for punitive damages. *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999). Because plaintiff may be seeking a damage award that is not barred by § 1997e(e), defendant is not entitled to summary judgment.

### IV.    Conclusion

IT IS RECOMMENDED that defendant's motion for summary judgment (Doc. No. 17) be GRANTED in part and DENIED in part. Plaintiff's official capacity claim for damages should be DISMISSED with prejudice.

SUBMITTED:    March 13, 2006    .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**